IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHIEFTAIN ROYALTY COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | Case No. 16-CV-444-JHP |
| v. | ) | |
| | ) | |
| | ) | |
| **BP AMERICA PRODUCTION** | ) | |
| **COMPANY** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, Chieftain Royalty Company ("Chieftain" or "Plaintiff"), for itself and all others similarly situated (hereinafter, Chieftain and the putative Class Members are collectively referred to as the "Class"), and for their cause of action against Defendant, BP America Production Company (hereinafter, "BP" or "Defendant"), allege and state as follows:

### CASE SUMMARY

1. This class action arises out of BP's breach of its express duties under oil and gas leases to pay royalty to Plaintiff and the putative Class on the full production of natural gas (and all constituents) from wells in Oklahoma in which the Class owns mineral interests.

2. BP has used, caused to be used, and/or allowed third parties to use natural gas produced from wells in Oklahoma that it operates (or has operated) or as non-operator, separately marketed the gas (the "Oklahoma Wells") off the lease premises as fuel to, *inter alia*, power compressors and other machinery and equipment in gathering system operations and/or gas plant operations (hereinafter "Fuel Gas").

3. The oil and gas leases associated with Chieftain and the putative Class' mineral interests in the Oklahoma Wells that BP has operated or from which BP separately marketed the gas contain express provisions requiring BP to pay royalty on Fuel Gas.

4. In direct violation of BP's express obligations under the oil and gas leases, BP has knowingly and systematically underpaid royalty to Chieftain and the putative Class Members through implementation of a uniform policy of paying **no royalty** to Chieftain and the putative Class for Fuel Gas.

5. BP secretly underpaid royalty to the Class by failing to disclose to Chieftain and other putative Class Members on their monthly royalty checkstubs that BP was not paying royalty on the full volume and value of production from the Oklahoma Wells.

6. Chieftain brings this action to recover the royalty BP owes Chieftain and all similarly situated royalty interest owners—*i.e.*, the Class—for its uniform breach of express covenants to pay royalty on Fuel Gas.

## VENUE AND JURISDICTION ALLEGATIONS

7. Chieftain is an Oklahoma Corporation with its principal place of business in the State of Oklahoma.

8. BP is a foreign corporation organized under Delaware law with its principal place of business in Texas.

9. Chieftain and the other putative Class Members are residents of various states, including the State of Oklahoma. Their claims arose in Pittsburg County, Oklahoma and various other counties in Oklahoma.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2). The amount in controversy exceeds $5,000,000.00, exclusive of interest and

costs, and this is a class action in which at least one member of the class is a citizen of a state different from Defendant.

11. This Court has both specific and general jurisdiction over Defendant. Defendant engaged in continuous and systematic activities within the State of Oklahoma. These activities include operating wells in Oklahoma from which the Class' claims arise.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391. Specifically, as provided by 28 U.S.C. §1391(c), Defendant is a corporation that is deemed to reside in this District. Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

## CLASS ACTION ALLEGATIONS

The allegations set forth above are incorporated herein by reference.

13. Plaintiff brings this action as the representative of a Class pursuant to Federal Rule of Civil Procedure 23. The "Class" is comprised of:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where BP, including its predecessors or affiliates, is or was the well operator and working interest owner (or, as a non-operating working interest owner, BP separately marketed gas), and who are or were entitled to share in royalty proceeds payable under oil and gas leases that contain an express provision stating that royalty will be paid on gas used off the lease premises and/or in the manufacture of products.
>
> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) officers of the Court involved in this action; (3) publicly traded oil and gas exploration companies and their affiliates; and (4) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional conduct.

14. The Class numbers more than one thousand members; the members reside in

several different states; and the Class is so numerous and spread out across the United States that joinder of all members is impracticable.

15. BP is or was the owner of extensive oil and gas leasehold interests within the State of Oklahoma. BP, as well operator (and as non-operator) has marketed gas from the Oklahoma Wells and been responsible for properly paying royalty under the terms of oil and gas leases which contain an express covenant stating that royalty will be paid on Fuel Gas.

16. The averments of fact and questions of law herein are common to the Class.

17. The questions of fact and law common to the Class include, but are not limited to, the following:

    a. Whether, under the express terms of the oil and gas leases under which Chieftain and the putative Class are entitled to be paid royalty, BP has or had a duty to pay royalty on Fuel Gas;

    b. Whether BP has paid the full amount of royalty owed on Fuel Gas; and

    c. Whether BP's uniform royalty payment methodology breaches BP's express duties to pay royalty on Fuel Gas.

18. Chieftain is a mineral interest owner in Oklahoma Wells where BP is or was the operator or where BP, as non-operator, separately marketed gas production from wells. Plaintiff's claims are typical of the Class' claims.

19. Chieftain will fairly and adequately protect the interests of the Class. Chieftain's interests do not conflict with the interests of the Class. Chieftain is represented by skilled counsel with experience in oil and gas accounting and complex civil litigation matters, including oil and gas royalty class actions.

20. The averments of fact and questions of law herein, which are common to the

members of the Class, predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS AND CLAIMS

The allegations set forth above are incorporated herein by reference.

21. Based on information and belief, BP used its position as operator and as oil and gas working interest owner to secretly underpay royalty due Plaintiff and the putative Class Members on production of natural gas from the Oklahoma Wells. BP has accomplished this by not paying royalty on wellhead gas that was, and is, used as fuel off the lease premises to power compressors and other machinery and equipment in gathering systems and/or gas plant operations.

22. BP produces and/or produced raw natural gas (and all constituents thereof) from the Oklahoma Wells. The express covenants in the oil and gas leases associated with these wells require BP to pay royalty on such gas to Plaintiff and the putative Class.

23. Specifically, each of the oil and gas leases requires, through the same or substantially similar language, that BP pay royalty to the lessors for gas "used by lessee off the leased premises or…for the manufacture of casinghead gasoline or other products…." (hereinafter the "Fuel Gas Clause").

24. Based on information and belief, BP used, caused to be used and/or allowed third parties to use certain amounts of raw wellhead gas produced from the Oklahoma Wells off the lease premises as fuel to power various machinery and equipment, on gathering systems and/or at gas plants.

25. BP does not, and has never, paid royalty to Plaintiff and the putative Class on

Fuel Gas that BP used, caused to be used and/or allowed third parties to use off the leased premises.

26.     Instead, BP has employed a uniform and systematic methodology for calculating royalty owed to Plaintiff and the putative Class that pays no royalty on Fuel Gas used off Plaintiff's and the putative Class Members' leased property in direct violation of its express duties.

27.     BP's royalty payment methodology—more appropriately, royalty "non-payment" methodology—uniformly breaches the express Fuel Gas Clauses in the oil and gas leases. As a result, Plaintiff and the other Class Members have been damaged by BP's uniform practice because they have not received the full amount of royalty to which they are entitled. Indeed, Plaintiff and Class Members have received *no* royalty on volumes of gas to which the express terms of the Fuel Gas Clauses of the oil and gas leases require royalty payment.

28.     Based on information and belief, BP fraudulently concealed the amount and value of the gas BP has used, caused to be used and/or allowed third parties to use as Fuel Gas from Plaintiff and the putative Class by falsely reporting the gross volume and price of the gas sold on the monthly royalty check counter-foils BP sends to Plaintiff and the Class. BP used these counter-foils to deceive Plaintiff and the putative Class into believing that BP properly paid all royalties owed and had properly accounted to Plaintiff and the Class for all royalty owed. In reality, these counter-foils failed to account for gas used off the leased premises as Fuel Gas, thereby leaving Plaintiff and the putative Class with the false impression that BP has paid royalty on and accounted for *all* of the gas for which BP owes royalty under the oil and gas leases.

29.     BP violated the royalty reporting requirements of the Oklahoma Production Revenue Standards Act ("PRSA") by knowingly and intentionally failing to report to Chieftain

and the putative Class the full and correct volume, price and gross value of the gas before deductions for Fuel Gas.

30. BP has maintained an open account with Plaintiff and the putative Class Members by making prior period adjustments to royalty payments, which further led Plaintiff and the Class to believe that BP had, or would, make proper payment of royalty in compliance with BP's express obligations.

31. BP is fully aware of its express duties and obligations set forth in the oil and gas leases. BP is fully aware that its uniform royalty payment practice relating to Fuel Gas breaches these duties and obligations. Nevertheless, BP has taken no action to cure these violations of law.

32. BP's actions go far beyond simple breach of contract and amount to independent tortious conduct resulting in damages to Plaintiff and the putative Class and unjust enrichment to BP.

33. BP's tortious acts were performed intentionally, maliciously and with utter disregard to the express rights of Plaintiff and the putative Class. BP should be required to pay punitive damages as punishment for its wrongdoing and as an example to deter others who might act in a similar manner.

34. To the extent BP relies on any statute of limitation as a defense, Plaintiff and the putative Class plead that, under the facts at issue here, the doctrines of equitable estoppel or tolling, open account, the discovery rule and/or other defenses apply to toll the running of any statute of limitations.

### I. BREACH OF CONTRACT

The allegations set forth above are incorporated herein by reference. This claim is made

both cumulatively and in the alternative to the other claims made herein.

35. As discussed above, in certain Oklahoma Wells, Plaintiff and other Class Members have a direct contractual relationship with BP by virtue of their direct lessor-lessee relationship.

36. BP has breached the express covenant in each oil and gas lease containing the same or substantially similar language requiring BP to pay the lessors for gas "used by lessee off the leased premises or…for the manufacture of casinghead gasoline or other products…."

37. BP has used, caused to be used and/or allowed third parties to use gas produced from the Oklahoma Wells as fuel off the leased premises and/or in the manufacture of products therefrom.

38. BP has systematically failed to pay royalty to Plaintiff and the putative Class on such Fuel Gas through the use of a uniform royalty payment methodology.

39. As a result, Plaintiff and the putative Class have been damaged.

40. In addition, Plaintiff's and the putative Class' claims are based on an open account beginning with the initial royalty payments and still continuing as to each Oklahoma Well.

41. Defendant has been unjustly enriched as a result of its improper underpayment of royalty.

## II.  UNJUST ENRICHMENT

The allegations set forth above are incorporated herein by reference.  Plaintiff and the putative Class assert a claim for unjust enrichment in the alternative and as a supplement to each of their other claims.

42.     Plaintiff and the putative Class have been damaged and Defendant has been unjustly enriched as a result of its improper underpayment of royalty.

43.     Plaintiff and the putative Class claim that Defendant has been unjustly enriched to the extent Defendant benefitted from the use of money that rightfully should have been paid as royalty on Fuel Gas to Plaintiff and the Class.

### III.     FRAUD (ACTUAL AND CONSTRUCTIVE) AND DECEIT

The allegations set forth above are incorporated herein by reference.  This claim is made both cumulatively and in the alternative to each of the other claims made.

44.     BP secretly and knowingly underpaid royalties on Oklahoma Wells without the knowledge of Plaintiff and the putative Class.

45.     BP implemented a uniform and systematic payment policy to not pay royalty to Plaintiff and the putative Class on Fuel Gas.  BP made uniform misrepresentations and/or omissions to Plaintiff and the putative Class on their monthly check counter-foils that falsely reported a gross volume and price for the gas that was actually a net volume and price less Fuel Gas.

46.     BP sent these false and misleading monthly statements to Plaintiff and the other Class Members on check counter-foils with the intent that Plaintiff and the Class rely on those false statements.  BP knew Plaintiff and the Class had no choice but to rely on BP's false statements.  And, Plaintiff and the Class did, in fact, rely on these uniform misrepresentations and/or omissions as being truthful and accurate.  Under such circumstances, reliance of the Class is presumed in law and in fact.

47.     As a result, Plaintiff and the putative Class have been damaged and Defendant has been unjustly enriched.

48. BP's tortious acts were performed intentionally, maliciously and with utter disregard to the express rights of Plaintiff and the putative Class. BP should pay, in addition to actual damages, punitive damages as a method of punishing BP and setting an example for others.

## IV.   ACCOUNTING

The allegations set forth above are incorporated herein by reference.

49. BP has a duty to timely disclose to Plaintiff and the putative Class the full and true value of the production from the Oklahoma Wells. BP has breached that duty.

50. Specifically, BP has: (1) failed to account to Plaintiff and the putative Class for their proper royalty share of production from the Oklahoma Wells on Fuel Gas; (2) failed to fully account for the full value of production from the Oklahoma Wells; and (3) failed to fully account for the reduction from the value of production from the Oklahoma Wells for Fuel Gas that BP used, caused to be used and/or allowed third parties to use off the leased premises. Plaintiff requests an order from this Court requiring BP to provide a full and complete accounting for all production proceeds and reductions for Fuel Gas from the date BP acquired its working interest until the date of trial in this matter on each Oklahoma Well.

## V.   INJUNCTION

The allegations set forth above are incorporated herein by reference.

51. Class Members are by and large unsophisticated and without the resources of Defendant.

52. Defendant must be restrained from contacting any putative Class Member concerning any issue herein, unless the Court is specifically advised of the proposed communication and approves the content and form of such communication. This judicial

scrutiny is necessary to prevent the potential for inadequate, misleading, incomplete, or erroneous representation and communication and to prevent any intimidation, annoyance, harassment, or undue influence.

53.     This Court has discretion to so restrain Defendant pursuant to Federal Rule of Civil Procedure 23(d)(1)(B), which generally provides the Court with authority to enter appropriate orders for the protection of putative members of the Class and for the fair conduct of the action.

54.     Defendant maintains files containing the names and addresses of the putative Class Members. If Defendant is allowed to contact the putative Class Members in an attempt to settle the above claims for inadequate consideration, the damage to the putative Class Members would be irreparable and monetary damages would be insufficient or simply unavailable to compensate them. The Class Members do not have another plain, adequate and speedy remedy at law to protect their interests.

55.     In view of the fact that Defendant has concealed its actions from Plaintiff and the Class, no detriment will result to Defendant from such an order. Plaintiff and the putative Class would receive the protection of Federal Rule of Civil Procedure 23(e), which requires that no compromise of any claims be made without approval of the Court upon appropriate notice to all Class Members.

**WHEREFORE,** Plaintiff seeks: (1) an order from this Court allowing this case to proceed as a class action; (2) judgment for damages as alleged herein against Defendant comprised of: (a) an accounting; (b) damages based on all of the claims made herein; (c) punitive damages; (d) interest; (e) attorney's fees; (f) expert and litigation costs; (g) court costs; (h) an order temporarily restraining Defendant, its agents, servants, employees and attorneys, or

person acting for or on Defendant's behalf from contacting any putative Class Member concerning the issues in this action until entry of an order denying class certification; and (i) such other relief as Plaintiff and the putative Class may be entitled to by law or in equity.

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

DATED:   November 16, 2017

/s/ Michael Burrage
Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
1215 Classen Drive
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

Bradley E. Beckworth, OBA No. 19982
Jeffrey J. Angelovich, OBA No. 19981
Lisa Baldwin, OBA No. 32947
Trey Duck, Texas Bar No. 24077234
Cody L. Hill, Texas Bar No. 24095836
**NIX PATTERSON & ROACH, LLP**
3600 N. Capital of Texas Hwy
Daingerfield, TX  75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415
bbeckworth@nixlaw.com
jangelovich@nixlaw.com
lbaldwin@nixlaw.com
tduck@nixlaw.com
codyhill@nixlaw.com

-and-

Susan Whatley, OBA No. 30960
**NIX PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, TX 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415
swhatley@nixlaw.com

Robert N. Barnes, OBA No. 537
Patranell Lewis, OBA No. 12279
**BARNES & LEWIS, LLP**
720 NW 50th Street, Suite 200 B
Oklahoma City, OK 73118
Telephone:  (405) 843-0363
Facsimile:  (405) 843-0790
rbarnes@barneslewis.com
plewis@barneslewis.com

Lawrence R. Murphy, Jr., OBA No. 17681
**RICHARDS & CONNOR**
ParkCentre Building, 12th Floor
525 South Main Street
Tulsa, OK 74103
Telephone: (918) 585-2394
Facsimile: (918) 585-1449
lmurphy@richardsconnor.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of November 2017, I electronically transmitted the attached document to the Clerk of Court using the Court's ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Attorneys for Defendant:

Amanda D. Price
Greg R. Wehrer
Charles D. Neal, Jr.
David Patrick Long
Mark D. Christiansen
Michael F. Smith

                                                              /s/ *Michael Burrage*
                                                              Michael Burrage